

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JDL:TJS/TRP                              *271 Cadman Plaza East*
F.#2010R00013                            *Brooklyn, New York  11201*

April 11, 2012

**By Hand and ECF**
The Honorable Sterling Johnson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  United States v. Stefano Scalisi
      <u>Criminal Docket No. 10-046 (SJ)</u>

Dear Judge Johnson:

   The government respectfully submits this motion-in-limine in connection with the trial in the above-referenced matter, which is scheduled to commence on April 16, 2012. The government respectfully submits that the Court should compel the defendant to comply with their discovery and Section 3500 responsibilities.

   Although defense counsel have indicated that they intend to present a defense case lasting approximately two and a half days, the defendants have not provided the government with any discovery or Section 3500 material. This is particularly troubling given that defense counsel has asserted they intend to call a DNA expert to testify about DNA testing that was concluded approximately a month ago.

   Federal Rule of Criminal Procedure 16(b)(1)(B) requires that the defense provide the government with any reports or examinations that they seek to use at trial and Rule 16(b)(1)(C) requires that the defense provide notification of expert testimony that they will seek to use at trial. In addition, Federal Rule of Criminal Procedure 26.2(a) requires the defense, upon a motion by the government, to disclose prior statements of defense witnesses (other than the defendant) that relate to the subject matter of their testimony. In essence, a defendant has the same obligations as the government to provide 3500 material.

   The government requests that the Court order the defendant to provide both expert and non-expert discovery by

Friday, April 13.[1]  While Rule 26.2 does not require the defense to provide witness statements prior to the testimony of their witnesses, the government requests that the Court order the defendant to make those statements available as required by the rule.  The government also notifies the Court that, given the technical nature of the testimony the defendant intends to elicit, in the event the defense does not provide early disclosure of the 3500 material, the government may seek a delay of trial so that it can consult with its own experts regarding the defense testimony.[2]

                                        Respectfully submitted,

                                        LORETTA E. LYNCH
                                        United States Attorney

                             By:   /s/

                                        Tyler J. Smith
                                        Assistant United States Attorney
                                        (718) 254-6186

CC:  Robert Evans, Esq. (By e-mail)
     Salvatore Strazzullo, Esq. (By e-mail)

---

[1]    The government reserves the right to seek preclusion of defense evidence based on this late disclosure.  Preclusion may be particularly appropriate in this case in light of the fact that the defendant, apparently, intends to present expert DNA testimony, but has failed to provide a report of DNA testing or any expert notification.  See Fed. R. Crim. P. 16(d)(2)(C) (where a party fails to comply with its discovery obligations, the court may, among other things, "prohibit that party from introducing the undisclosed evidence.").

[2]    Notably, the government made 3500 material for its witnesses available a week before trial.