UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

STEFANO SCALISI,

               Petitioner,

– against –

UNITED STATES OF AMERICA,

               Respondent.

**MEMORANDUM AND ORDER**
10-CR-0046 (2) (HG)
16-CV-3233

**HECTOR GONZALEZ**, United States District Judge:

Currently before the Court is a petition filed by Stefano Scalisi ("Scalisi" or "Petitioner") pursuant to 28 U.S.C. § 2255 seeking to vacate his conviction under 18 U.S.C.§ 924(c) in light of the Supreme Court's decision in *United States v. Davis,* -- U.S. --, 139 S. Ct. 2319 (2019). *See* Motion to Vacate, ECF No. 113 (the "Petition"), Supplemental Letter, ECF No. 127. For the reasons set forth below, the Petition is GRANTED.

## **BACKGROUND**[1]

On April 12, 2012, Scalisi pled guilty to two counts – violation of the Hobbs Act, 18 U.S.C. § 1951(a), for conspiracy to commit robbery ("Count One" or the "Hobbs Act conspiracy count"), and the use of a firearm in relation to a crime of violence in violation of 18 U.S.C. § 924(c) ("Count Three or the "§ 924(c) count"). He was sentenced to consecutive prison terms of 33 months on Count One and 60 months on Count Three, resulting in a total imprisonment term of 93 months. He was further sentenced to concurrent terms of supervised release of 3 years on Count One and 5 years on Count Three. *See* Minute Entry, ECF No. 102. Scalisi did not appeal his conviction or sentence.

---

[1]     The factual and procedural background set forth herein is limited to information relevant to determination of the Petition.

On June 17, 2016, the Federal Defenders of New York, in accordance with Administrative Order 2016-05 of the Eastern District of New York,[2] filed a "placeholder" motion on Petitioner's behalf seeking vacatur of the conviction on the § 924(c) count. *See* Petition at 5. The Petition argues that based on the Supreme Court's decision in *Johnson v. United States,* 576 U.S. 591 (2015), conspiracy to commit Hobbs Act robbery is not a "crime of violence," an essential element to a § 924(c) conviction. *Id.* In response, the Government argues that (1) Scalisi waived his right to collaterally challenge his conviction and sentence, *see* Response Brief in Opposition ("Gov't Opp."), ECF No. 121, at 3-5; and (2) conspiracy to commit Hobbs Act robbery is a crime of violence under § 924(c). *Id.* at 5-10. Further briefing on the motion was stayed pending determination of various cases clarifying the effect of the *Johnson* decision on other statutory frameworks.

In a supplemental letter dated March 16, 2022, Petitioner raises *Davis*, in which the Supreme Court found that § 924(c)(3)(B), the statute's residual clause, is unconstitutionally vague. *See Davis,* 139 S. Ct. at 2319 (holding the residual clause of § 924(c)(3)(B) which "defines a 'crime of violence' [in § 924(c)] as a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense'" as unconstitutionally vague). Scalisi argues that in the wake of *Davis*, the Hobbs Act robbery conspiracy conviction cannot serve as the predicate crime supporting the § 924(c) count. He further notes that even though he has been released from prison, his current

---

[2]   In re: Motions for *Johnson* Sentencing Reductions Pursuant to 28 U.S.C. § 2255 (June 9, 2016) ("[C]ounsel appointed to Johnson matters pursuant to the Criminal Justice Act, will be permitted to file initial "form" petitions under 28 U.S.C. § 2255 on or before June 27, 2016, which will act as 'placeholder' petitions").

term of supervised release includes the concurrent five-year term for the § 924(c) conviction.[3] Vacatur of his conviction on the § 924(c) count would reduce his term of supervised release to three years, ending in August 2022. No response to this submission was filed by the government.

## STANDARD OF REVIEW

Pursuant to Section 2255, a prisoner in custody[4] may move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). To merit relief under Section 2255, a petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. United States,* 208 F.3d 27, 30 (2d Cir. 2000) (internal quotation marks and citation omitted). The petitioner must also show that the constitutional error had "substantial and injurious effect" that caused "actual prejudice." *Brecht v. Abrahamson,* 507 U.S. 619, 637 (1993) (internal quotation marks and citation omitted).

---

[3] Scalisi completed his term of imprisonment on August 23, 2019. *See* www.bop.gov/inmateloc. The United States Probation Department reports that Scalisi was released to the custody of United States Immigration and Customs Enforcement ("ICE"), and that his period of supervised release is scheduled to terminate on August 22, 2024. ICE advises that Scalisi was deported to Italy on September 16, 2019, and that its administrative unit will continue to track him, should he return to this country during the pendency of his supervised release.

[4] A petitioner "remains 'in custody' for purposes of the jurisdictional requirement of § 2255 [when] he is still under supervised release." *Dong Cai v. United States*, No. 13-CV-3617, 2013 WL 5934314, at *3 (E.D.N.Y. Nov. 1, 2013) (citing *Scanio v. United States,* 37 F.3d 858, 860 (2d Cir. 1994) (additional citations omitted)).

## DISCUSSION

### I. Applicability of the Plea Waiver

Pursuant to the plea agreement, Scalisi agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 106 months or below." *See* Gov't Opp., Attachment A ("Plea Agreement") at ¶4. The Government argues that this plea waiver bars his petition. "Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010), and are found to be unenforceable "only in very limited situations, such as when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence." *Id.* (internal quotation marks & citation omitted); *see also United States v. Riggi,* 649 F.3d 143, 147 (2d Cir. 2011) ("A violation of a fundamental right warrants voiding an appeal waiver.").[5]

Although the Second Circuit has expressly decided that a knowing and voluntary plea waiver is enforceable where the petitioner asserts a *Johnson* challenge to the Sentencing Guidelines, *see Sanford v. United States*, 841 F.3d 578 (2d Cir. 2016) (per curiam), it has not directly addressed whether a petitioner can overcome a plea waiver where the statute underlying the conviction itself was subsequently found to be unconstitutional under *Davis*. *See Velasquez*

---

[5]  Scalisi has not suggested that his plea was not voluntary or knowing, nor does the Court's review of the plea proceeding transcript reveal any basis to support such an argument.

*v. United States*, No. 12-CR-0063 (JFB), 2022 WL 426166, at *3 n.3 (E.D.N.Y. Feb. 11, 2022) (noting that the issue of whether a petitioner under a plea agreement waives his right to assert a *Davis* claim on appeal or collateral attack "remains an open question").[6] Without clear direction, "[c]ourts within this Circuit are divided whether, when a petitioner has agreed to a collateral attack waiver in a plea agreement, the waiver is enforceable when the petitioner seeks habeas relief pursuant to *Davis*." *Hernandez v. United States*, No. 14-CR-0264 (JS), 2021 WL 3426110, at *3 (E.D.N.Y. Aug. 5, 2021) (collecting cases)).

Courts finding the plea waiver enforceable to foreclose a *Davis* challenge rely upon *Sanford*. *See United States v. Welch*, No. 17-CR-126 (ERK), 2020 WL 6200168, at *2 (E.D.N.Y. Oct. 22, 2020); *Elliott v. United States*, No. 17-CR-128 (ARR), 2019 WL 6467718, at *4 (E.D.N.Y. Dec. 2, 2019). Courts finding the waiver unenforceable distinguish *Sanford* on the basis that "*Sanford*, and each of the cases relied upon by *Sanford*, dealt with challenges to the sentence imposed, rather than the basis of the conviction itself." *Negron*, 520 F. Supp. 3d at 302 (noting that "nothing in *Sanford* expressly precludes the Court from finding the waiver of appealability is voided where a petitioner challenges the constitutionality of his conviction, rather than the length of a sentence imposed"); *see also United States v. Candelario,* No. 10-CR-281 (JMA), 2021 WL 2037866, at *3 n.3 (E.D.N.Y. May 21, 2021) (finding waiver enforceable where petitioner challenged sentence, noting that courts have found waivers unenforceable where

---

[6] The Second Circuit has remanded § 2255 petitions for further consideration in light of *Davis* despite the existence of a plea waiver but without discussion of the waiver's enforceability. *See, e.g., Johnson v. United States*, No. 18-3755, 2022 WL 1179421, at *1 (2d Cir. Apr. 21, 2022) (vacating denial of § 2255 petition and remanding with direction to vacate § 924(c) conviction). The lack of mention of the plea waiver in the mandate in another case led the district court to conclude that the appellate court "at least suggest[ed] that [it] does not view the appeal waiver . . . as a bar to the petition." *Negron v. United States*, 520 F. Supp. 3d 296, 302 (E.D.N.Y. 2021).

the challenges was to "the constitutionality of the underlying <u>conviction</u>, not the sentence" (emphasis in original)); *Jacques v. United States*, No. 07-CR-0844 (JS), 2020 WL 5981655, at *4 (E.D.N.Y. Oct. 8, 2020) (as petitioner challenges the constitutionality of his conviction under *Davis,* the relief sought "differs from *Sanford*" and the waiver is not enforceable).

Moreover, courts finding a waiver unenforceable to prevent a *Davis* claim have acknowledged a defendant's fundamental, due process right "to challenge his conviction under a statute that the Supreme Court has retroactively declared unconstitutional." *Bonilla v. United States*, No. 07-CR-0097 (SJ), 2020 WL 489573, at *3 (E.D.N.Y. Jan. 29, 2020). Indeed, "[i]t is difficult to imagine a right more fundamental than the due process right implicated when a new rule changes the scope of the underlying criminal proscription such that a defendant stands convicted of an act that the law does not make criminal." *Id.* (quoting *Leyones v. United States*, No. 10-CR-743 (ARR), 2018 WL 1033245, at *3 (E.D.N.Y. Feb. 22, 2018)); *see also United States v. McCarron*, No. 15-CR-257 (ADS), 2020 WL 2572197, at *3 (E.D.N.Y. May 20, 2020) ("in light of *Davis* and *Barrett*, the Defendant's sentence is based on constitutionally impermissible factors, namely, a conviction under an unconstitutional statute"). In this situation, "the procedural arguments offered by the Government cannot justify" a defendant's incarceration for that conviction. *Bonilla*, 2020 WL 489573, at *3. Other courts in this district have expressly agreed with *Bonilla* "in refusing to deem the appellate waiver a bar to relief under these circumstances." *Negron*, 520 F. Supp. 3d at 302; *see Hernandez*, 2021 WL 3426110, at * 4 (finding reasoning of *Bonilla* to be "persuasive"); *United States v. Lewis*, No. 10-CR-622 (ADS), 2020 WL 2797519, at *5 (E.D.N.Y. May 22, 2020) (same); *see also Jacques*, 2020 WL 5981655, at *4 (finding waiver unenforceable and citing *Bonilla*); *McCarron*, 2020 WL 2572197, at *4 (same).

6

This Court finds the rationale set forth in *Bonilla* persuasive and adopts it herein. Accordingly, the plea waiver is unenforceable to bar Scalisi's *Davis* challenge to the § 924 conviction.[7]

## II. Predicate Crimes for § 924(c) Conviction

Turning to the merits of Scalisi's petition, the Government's argument that conspiracy to commit Hobbs Act robbery is a crime of violence sufficient to support a § 924(c) conviction has been clearly rejected. The Second Circuit, applying a categorical approach as directed by *Davis*, ruled that conspiracy to commit Hobbs Act robbery is not a crime of violence and cannot support a § 924(c) charge. *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019). Under *Davis* and *Barrett*, the § 924(c) conviction cannot stand upon the predicate conspiracy count to which Scalisi pled guilty.

A valid predicate to a § 924 conviction may also be found where a defendant, while pleading guilty to one crime, allocutes to the elements of a different crime that constitutes a crime of violence. *See, e.g., Velasquez*, 2022 WL 426166, at *4 (finding a § 924(c) conviction was predicated on substantive Hobbs Act robbery, not the conspiracy count that was the subject of defendant's plea). Upon a review of Scalisi's allocution, the Court finds that while he may have arguably allocuted to the elements of Hobbs Act attempted robbery, the Supreme Court has recently declared that that crime is not a crime of violence and thus it cannot act as a predicate for § 924 liability. *See United States v. Taylor,* -- U.S. --, 142 S. Ct. 2015 (2022). Absent a valid predicate crime, the § 924 conviction cannot stand.

---

[7] The Government has not argued that Scalisi is procedurally barred from raising his claim. In any event, where a defendant was sentenced prior to the *Johnson* and *Davis* decisions, courts have found that procedural default is not an issue. *See Jacques,* 2020 WL 5981655, at *4 n.2; *Lewis*, 2020 WL 2797519, at *6.

## **CONCLUSION**

For all the foregoing reasons, the Petition, ECF No. 113, is GRANTED; Scalisi's conviction and sentence on Count Three, the § 924 count, are vacated. The Clerk of the Court is respectfully directed to (a) terminate ECF No. 125 as it is not a separate motion, and (b) close the related civil case, 16-CV-3233.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
      August 25, 2022